IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEX ALEXANDER GOMEZ LOPEZ,

      Petitioner,

v.                                                              No. 2:26-cv-0615-MLG-JMR

MARY DE ANDA-YBARRA,
Acting Director of El Paso Field Office,
U.S. Immigration and Customs Enforcement; et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS IMMEDIATELY RELEASE PETITIONER**

      This matter is before the Court on Petitioner Alex Alexander Gomez Lopez's Petition for Writ of Habeas ("Petition"), Docs. 2, 3.[1] Lopez Gomez, a Guatemalan citizen, is detained at the Otero County Processing Center in New Mexico. Doc. 3 at 2,3 ¶¶ 1, 9. He first entered the United States without inspection in 2015. *Id.* at 1 ¶ 2. He has been detained since February 11,2026. *Id.* Gomez Lopez has no criminal background. *Id.* at 1 ¶ 4.[2]

---

[1] Gomez Lopez filed the same Petition in this case twice. The Court will cite to the publicly available Petition, Doc. 3.

[2] The parties have not informed the Court of any order of removal or an appeal of a final order of removal. *See generally* Docket. The Court will therefore assume no final order of removal is in effect. The Court notes if removal has been ordered, pre-removal custody is still at issue if Gomez Lopez timely appealed the order. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

In his Petition, Gomez Lopez challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him. *Id.* at 3, 7 ¶ 6. Gomez Lopez asserts his mandatory detention without consideration for release on bond or access to a bond hearing violates the Fifth Amended Due Process Clause. *Id.* at 4-5 ¶¶ 17-19. He further claims his detention violates 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* at 5-6 ¶¶ 20-23. He also asserts Respondents' application of 8 U.S.C. § 1225(b)(2) to his detention violates the Administrative Procedures Act. *Id.* at 6 ¶¶ 24-27. Respondents filed a Response to the Petition on April 27, 2026. Doc. 9. Gomez Lopez did not file a reply in support of the Petition.

**I.        Section 1226 Governs Lopez Gomez's Detention**

The dispositive question presented by the Petition is whether Lopez Gomez's detention is governed by 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A).[3] This Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Lopez Gomez's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court

---

[3] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[4] like Lopez Gomez, who has resided in the United States since 2015. Doc. 3 at 1 ¶ 2; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, 811 F.Supp.3d 487 (S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Respondents concede the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for the purposes of the Court's decision on the legal issue of which statutory provisions govern Petitioner's detention." *See* Doc. 9 at 2. Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) for the proposition that § 1225(b)(2)(A) controls. *Id.* at n. 1. This is not binding authority. Moreover, the majority of circuit courts have concluded § 1226(a) applies to the pre-removal detention of noncitizens like Gomez Lopez rather than § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---- , 2026 WL 1223250, at * 10-11 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ----, 2026

---

[4] This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026). The Court therefore agrees with the majority of circuit courts that § 1226(a) governs Gomez Lopez's detention.

## II.        Ongoing Violation of the Fifth Amendment Due Process Clause

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Gomez Lopez is entitled—as a right—to the due process provided to him under that statute, an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *Gonzales Ramos*, 2025 WL 3653928, at *4-5. Gomez Lopez's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

## III.       Immediate Release is the Appropriate Remedy

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotations omitted)(citing 28 U.S.C. § 2243) *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "'possesses power to grant *any form of relief necessary* to satisfy the

4

requirement of justice'" (emphasis in original)) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969). Gomez Lopez has been deprived of liberty since February 2026 due to Respondent's violation of § 1226(a). Doc. 1 at 2. The Court "acknowledges that release—whether immediate or otherwise on a bond hearing or otherwise—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn May 8, 2026) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez,* 2026 WL 324020, at *9; *see also* § 1226(a). Given the ongoing violation of Gomez Lopez's due process rights, the remedy justice requires in this matter is immediate release. *See Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Gomez Lopez and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id* at *8; *see also Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Gomez Lopez's Petition. Respondents shall release Gomez Lopez within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in July 2025 along with a copy of this Order.

If Respondents decide to re-detain Gomez Lopez, they must provide him a bond hearing before a neutral Immigration Judge pursuant to § 1226(a). Respondents are enjoined from pursuing Gomez Lopez's detention under 8 U.S.C. § 1225(b)(2)(A).

6

Respondents shall file a status report within three (3) days of this Order to certify compliance.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

6